UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| LANCE GEORGE OWEN, | ) | Civ. 13-4079-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING LEAVE TO |
| | ) | PROCEED IN FORMA PAUPERIS |
| DARIN YOUNG, | ) | AND DISMISSING COMPLAINT |
| Warden of Operations, SDSP-Hill, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Lance George Owen, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. Owen has filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dockets 1, 3.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Owen has reported average monthly deposits to his prisoner trust account of $198.92 and an average monthly balance of *negative* $1.09.[1] Docket 4. Based on this information, the court grants Owen leave to proceed in forma pauperis provided he pays an initial partial filing fee of $39.78, which is approximately 20 percent of $198.92.

But the inquiry does not end there. The PLRA requires the court to screen Owen's complaint to determine whether any claims should be dismissed. Pursuant to the PLRA, the court must dismiss an action or any portion thereof if the prisoner has raised a claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

---

[1] Frozen funds are no longer factored into a prisoner's average monthly balance. Owen's average monthly balance, as it appears on the prisoner trust account report, has been adjusted accordingly. *See* Order Granting Motion for Reconsideration, Miller v. Weber, et al., CV 11-04176, Docket 13.

## STANDARD OF REVIEW

A claim "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous when it is "based on an indisputably meritless legal theory" or where the factual contentions "are clearly baseless." *Id.* at 327. The court may dismiss a complaint for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). In reviewing a complaint under this standard, "[t]he court must presume that the factual allegations in the complaint are true and accord all reasonable inferences from those facts to the [pleader]." *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987) (citing *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986)).

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (noting that "civil rights pleadings should be construed liberally"). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a pro se complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Simply stated, a pro se complaint must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.' " *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). In the instant case, Owen claims that defendant has deprived him of access to the funds in Owen's frozen account. Docket 1 at 4. Owen would like to send a portion of the money in his frozen account to his family and use a portion of the money to replace personal property that was stolen from his

4

cell. Defendant, however, has allegedly denied Owen access to the funds available in his frozen account because Owen has outstanding court fees. Owen alleges that defendant has therefore deprived him of his property in violation of the Constitution. To remedy this constitutional violation, Owen requests that the court order defendant to allow Owen to access his frozen account for the purposes of repurchasing stolen property, paying the filing fee associated with this case, and sending money to family, friends, and an attorney.

Owen's complaint related to the deprivation of property invokes the Due Process Clause of the Fourteenth Amendment, which protects individuals from being "deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (citations omitted). Liberally construed, Owen's complaint alleges the intentional deprivation of property. Such allegation, however, does not rise to the level of a constitutional violation because there are adequate post-deprivation remedies available at the state level. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that intentional deprivations of property do not violate the due process clause of the Constitution so long as there are adequate post-deprivation remedies available at the state level). Under South Dakota law, Owen may bring a conversion action for the alleged deprivation of property. Accordingly, the court finds that Owen has failed to state a claim upon which relief may be

granted, and the instant complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is therefore

ORDERED that Owen's motion for leave to proceed in forma pauperis (Docket 3) is granted. Owen will make an initial partial payment of $39.78 by **September 20, 2013**, made payable to the Clerk, U.S. District Court.

IT IS FURTHER ORDERED that Owen's complaint (Docket 1) is dismissed without prejudice. If Owen wishes to amend his complaint, he must do so by **September 20, 2013**.

Dated August 20, 2013.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE